IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEREK BYRD,** | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CASE NO. 1:25-CV-00069 |
| | § | |
| **CITY OF AUSTIN; AUSTIN** | § | |
| **POLICE DEPARTMENT; AND** | § | |
| **JAVIER RODRIGUEZ, Individually,** | § | |
| **and in His Official Capacity,** | § | |
| *Defendants.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Derek Byrd ("Plaintiff") complaining of City of Austin, Austin Police Department, and Javier Rodriguez, Individually, and in His Official Capacity, ("Defendant and/or Defendants"), respectfully showing:

### 1.   Jurisdiction / Venue / Parties.

1.1 This action is brought under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

1.2 Venue is proper in this Court under 28 U.S.C. § 1391(b) as this is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

1.3 Plaintiff, Derek Byrd, is a citizen of the State of Texas.

1.4 Defendant, City of Austin, may be served with summons upon City of Austin Mayor Kirk Watson at 301 West 2nd Street, Austin, Texas 78701 pursuant to Tex. Civ. Prac. and Rem. Code 17.024(b) and Fed. R. Civ. P. 4(j)(2)(A), or by any other manner authorized by the Federal Rules of Civil Procedure and/or other applicable law governing service of process of units of local governments.

1.5 Defendant, Austin Police Department, may be served with summons upon Austin Police Department Chief of Police Lisa Davis at 715 8th Street, Austin, Texas 78701 pursuant to Fed. R. Civ. P. 4(j)(2)(A), or by any other manner authorized by the Federal Rules of Civil Procedure and/or other applicable law governing service of process of units of local governments.

1.6 Defendant Javier Rodriguez may be served at his place of employment, the Austin Police Department, 715 8th Street, Austin, Texas 78701, or by any other manner authorized by the Federal Rules of Civil Procedure and/or other applicable law.  Each of the acts complained of herein arise from the conduct of Defendant Javier Rodriguez while acting under color of state law and was committed within the scope of his employment and authority with the Austin Police Department.

## 2.    Statement of Facts.

2.1 This is a civil rights action pursuant to 42 U.S.C. § 1983.  On or about January 20, 2023, in Austin, Texas, Plaintiff Derek Byrd was a front-seat passenger in a vehicle owned and driven by Crystal Overby.  In the backseat of their vehicle was Plaintiff's girlfriend, Derenda Trapp.

2.2 While Ms. Overby was driving, Officers Javier Rodriguez and Colin Guzman of the Austin Police Department instituted a traffic stop on their vehicle.  Ms. Overby pulled over into the parking lot of an America's Best Value Inn hotel.

2.3 Officer Guzman represented that the purpose of the stop was because Ms. Overby's vehicle registration was allegedly expired.  In response, Ms. Overby informed Officer Guzman that her vehicle registration was not expired, and while Ms. Overby was providing Officer Guzman with proof of her registration, Defendant Javier Rodriguez drew his gun on Plaintiff

who was seated in the front passenger seat. Defendant recognized Plaintiff because of Plaintiff's various outstanding arrest warrants. Upon recognizing Plaintiff, Defendant directed Plaintiff to "put his hands on his fucking face" or he "will blow his brains out of his head".

2.4 While Defendant Javier Rodriguez had his weapon drawn on Plaintiff, Defendant threatened to "fucking kill" Plaintiff even though Plaintiff was inside a vehicle with two other people and despite Plaintiff's hands being clearly visible to Defendant.

2.5 At the time of the occurrence, Plaintiff was suffering from an ongoing drug addiction battle. Once Defendant Javier Rodriguez threatened to kill him, Plaintiff feared for his life. Not knowing if he was about to be shot to death by Defendant, Plaintiff began smoking a narcotic substance in a pipe.

2.6 Upon witnessing Plaintiff smoking, Defendant Javier Rodriguez punched Plaintiff in the face. Defendant then swung the passenger door open. In response, Plaintiff surrendered and placed his hands on his face in compliance with Defendant's earlier order. Ignoring Plaintiff's compliance, Defendant shot Plaintiff with his taser.

2.7 In response to being stunned by the taser, Plaintiff verbally notified the officers that he surrendered and placed his hands above his head. Nevertheless, Defendant tazed Plaintiff a second time, which caused Plaintiff to tumble out of the vehicle onto his hands and knees.

2.8 While on his hands and knees and facing the pavement, Defendant brutally and maliciously kicked Plaintiff in the back of his head.

2.9 Defendant Javier Rodriguez's acts and/or omissions, including using excessive force on multiple occasions, proximately caused personal injuries to Plaintiff.

2.10 At the time of the occurrence in question, Plaintiff was unarmed.

2.11 Each of Defendant Javier Rodriguez's acts and/or omissions occurred while in the course and scope of his employment with the Austin Police Department and under color of state law. Defendant Javier Rodriguez's acts amounted to an excessive and/or unnecessary use of force which were unreasonable under the circumstances.

## 3. Demand for Relief.

3.1 The allegations contained in Paragraphs 2.1 through 2.11 are incorporated herein fully. Plaintiff demands relief under 42 U.S.C. § 1983 for the deprivation of his rights, privileges or immunities secured by the United States Constitution. Defendant Javier Rodriguez, acting under color of state law and in the course and scope of his employment with the Austin Police Department, violated Plaintiff's rights, privileges and immunities secured by the Fourth Amendment of the Constitution, incorporated and applied to the states through the Fourteenth Amendment of the Constitution, including but not limited to the right to be free from unreasonable seizures. Said violations include but are not limited to when Defendant Javier Rodriguez –

- Pointed his firearm at Plaintiff and threatened to "blow his brains out of his head" despite Plaintiff posing no immediate threat of serious danger to him, Officer Guzman, or any other person present during the occurrence in question;

- Pointed his firearm at Plaintiff and threatened to "fucking kill him" despite Plaintiff posing no immediate threat of serious danger to him, Officer Guzman, or any other person present during the occurrence in question;

- Viciously punched Plaintiff in the face while Plaintiff was seated inside Crystal Overby's vehicle and despite Plaintiff posing no immediate threat of serious danger to him, Officer Guzman, or any other person present during the occurrence in question;

- Tazed Plaintiff even though Plaintiff was actively complying with Defendant Javier Rodriguez's order to place his hands on his face and despite Plaintiff posing no immediate threat of serious danger to him, Officer Guzman, or any other person present during the occurrence in question;

- Tazed Plaintiff a second time even though Plaintiff had already surrendered. After Defendant Javier Rodriguez shot Plaintiff with his taser and before shooting him with it a second time, Defendant gave Plaintiff less than three seconds to get out of the subject vehicle despite Plaintiff having already surrendered following the first taser shot; and

- Brutally kicked Plaintiff in the back of his head while Plaintiff was on his hands and knees and despite Plaintiff posing no immediate threat of serious danger to him, Officer Guzman, or any other person present during the occurrence in question.

3.2 Defendant Javier Rodriguez's actions were excessive, unreasonable under the circumstances and violated the Fourth Amendment of the Constitution as Plaintiff posed no immediate threat of serious danger to Defendant Javier Rodriguez, Officer Colin Guzman, or any other person at the time of the occurrence in question.

3.3 Defendants City of Austin and/or Austin Police Department are liable under 42 U.S.C. § 1983, including but not limited to because –

- Their policies, training and supervision related to use of force is inadequate and leads to foreseeable instances of excessive use of force; and

- They ratified Defendant Javier Rodriguez's use of excessive force in detaining Plaintiff.

3.4 Such acts and/or omissions committed by Defendant Javier Rodriguez and/or the City of Austin and/or the Austin Police Department proximately caused personal injuries and damages to Plaintiff for which Plaintiff seeks recovery from Defendants, jointly and/or severally, in all elements recoverable under the substantive laws of the State of Texas, all such amounts to be determined by a duly-empaneled jury, and including but not limited to for the past and in reasonable probability the future: physical pain, mental anguish, physical impairment, and medical care expenses.

3.5 Such acts and/or omissions committed by Defendant Javier Rodriguez were motivated by evil intent and/or involved a reckless or callous indifference to Plaintiff's federally protected rights

5

for which Plaintiff seeks the recovery of punitive damages against Defendant Javier Rodriguez to the maximum extent permitted by applicable law.

3.6 Plaintiff pleads all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under applicable law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

3.7 Plaintiff seeks prejudgment and post-judgment interest to the greatest extent permitted by applicable law.

3.8 Plaintiff also seeks all reasonable attorneys' fees and costs to which he is entitled pursuant to 42 U.S.C. § 1988.

3.9 Plaintiff respectfully demands a trial by jury and has paid any required fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to answer and appear herein, and that upon final jury trial, Plaintiff recover from Defendants and/or each of them all actual damages and punitive damages allowed under federal law and the substantive laws of the State of Texas within the jurisdictional limits of this Court, plus costs of court, reasonable attorneys' fees, prejudgment and post-judgment interest, and other relief to which Plaintiff may be justly entitled at law and in equity.

Respectfully submitted,

CAMPOS LAW GROUP, PLLC
3910 South Interstate Highway 35, Suite 300
Austin, Texas 78704
Tel. (512) 672-6585
Fax. (512) 532-6810
Service email: *service@acamposlaw.com*
Email: *emilio@acamposlaw.com*

By:   /s/ Emilio L. Guerra
      Emilio L. Guerra
      State Bar No. 24096331
      ATTORNEY FOR PLAINTIFF